LON KENDALL ET AL *v.* ELIAS THOMASON ET AL.

[Kentucky Law Reporter, Vol. 2—422.]

**Assessments on Property.**

> Where there is a proceeding to subject property to the payment of improvement assessments it must appear that every step has been taken to create the lien, and it is not sufficient to merely allege that plaintiff has the lien. The petition must show the facts necessary to create the lien.

**Judgment Against Infants.**

> Before judgment is taken against infants, a guardian ad litem must answer for them, and a judgment where no answer is filed, either by a guardian or guardian ad litem, will be reversed.

APPEAL FROM LOUISVILLE CHANCERY COURT.

May 12, 1881.

OPINION BY JUDGE PRYOR:

The infants, who are the owners of the lots subjected to the payment of the various liens, are before this court as appellants without any error assigned; but from an examination of the record we find no answer or defense made by the guardian ad litem, and for that reason the judgment must be reversed. The court will assign the error for them without requiring the guardian here to make it, as the error is manifest and necessitates a reversal. Besides, on the appeal of Bates and others the record fails to show any publication of the ordinance in regard to the improvements ordered, when such an issue is directly made. It is not an immaterial issue, for the reason that the traverse is equally as well pleaded as the affirmative averment found in the petition. Nor does it appear in the petition how and in what manner the property was assessed for taxes, or for what purpose.

It is plain, where there is a proceeding to subject property to the payment of such assessments, that it must appear affirmatively that every step has been taken to create the liability, or rather the lien. To allege the plaintiff has a lien is insufficient, and to allege the property was properly and duly assessed, and a lien created, adds nothing to the validity of the petition. Such facts must be alleged as will show on the face of the petition the existence of the lien, else the petition is defective, and certainly no judgment can be rendered against infants on such a pleading.

For the reasons indicated the judgment is reversed, and cause remanded for further proceedings consistent herewith. The parties should be allowed to amend their pleadings.

*W. B. Fleming*, for appellants.

*Mix & Rogers, H. M. Lane*, for appellees.